IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARTHUR HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-474-D |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 89 OF OKLAHOMA COUNTY, | ) | |
| OKLAHOMA, a/k/a OKLAHOMA CITY | ) | |
| PUBLIC SCHOOLS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Strike Defendant Independent School District No. 89 of Oklahoma County, Oklahoma a/k/a Oklahoma City Public Schools' Exhibit No. 28 to Its Motion for Summary Judgment [Doc. No. 66]. Plaintiff seeks to exclude from the summary judgment record a document that was compiled from personnel records maintained by the school district to address Plaintiff's claim of discrimination and retaliation in the district's failure to select him for any of the multiple administrative positions he sought after he was removed as an elementary school principal. The document is a spreadsheet purporting to show the positions for which Plaintiff applied, the individual selected, the individual's race, the date on which the availability of the position was posted, and the date on which the position was filled. Plaintiff asserts that the Court should not consider the document, Exhibit No. 28 to Defendant District's Motion for Summary Judgment [Doc. No. 50-28], because neither the document nor the underlying data was timely produced in discovery and because it constitutes inadmissible hearsay. The school district has responded in opposition to Plaintiff's Motion, which is fully briefed and at issue.

Plaintiff's hearsay objection plainly lacks merit.[1] The materials that may be considered in ruling on a motion for summary judgment are determined by Fed. R. Civ. P. 56, not the Federal Rules of Evidence. A permissible objection under Rule 56 is "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(3). The information summarized in Exhibit No. 28 was compiled from the school district's personnel records and could be presented from the admission of those records or testimony of a competent witness concerning them. Thus, admissibility is not a viable objection.

Plaintiff's other objection rests on Fed. R. Civ. P. 37(c)(1), which permits the exclusion of evidence as a sanction for a party's failure to provide information that should have been disclosed in a timely manner as required by Fed. R. Civ. P. 26(a) and (e). Plaintiff contends the school district failed to supplement its prior document production as required by Rule 26(e). However, Rule 26(e)(1) simply requires supplementation "in a timely manner if the party learns that in some material respect the [prior] disclosure or response is incomplete or incorrect." *See* Fed. R. Civ. P. 26(e)(1)(A). Here, the school district provided the summary exhibit the day after it was prepared and well within the deadline set by the Court for completing discovery. The Court finds this to be a timely disclosure. Plaintiff argues, however, that the underlying data or documents used to create the spreadsheet still have not been supplied, and that the failure to produce those materials was not substantially justified and is not harmless, warranting exclusion of evidence under Rule 37(c)(1).

While the Court does not condone any lack of timely production by the school district, the Court finds that striking Exhibit No. 28 is not an appropriate sanction. Rule 37(c)(1) authorizes the

---

[1] Defendant has responded to an objection based on lack of authentication by providing the affidavit of the school district's director of human resources attesting to the accuracy of the information in Exhibit No. 28, thus mooting the authentication objection.

exclusion of evidence but does not require it. *See* Fed. R. Civ. P. 37(c)(1) ("In addition to or instead of this sanction [of excluding evidence], the court . . . may impose other appropriate sanctions . . . ."). Plaintiff applied for approximately 50 positions during the time period relevant to this case. Exhibit No. 28 provides a workable tool to avoid an otherwise unwieldy presentation of materials for summary judgment purposes. As noted by the school district, Plaintiff even relies on a copy of Exhibit No. 28 to oppose summary judgment. *See* Pl.'s Resp. Def. District's Mot. Summ. J., Ex. 51 [Doc. No. 68-34]. Accordingly, the Court finds that Exhibit No. 28 should not be stricken from the case record.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike [Doc. No. 66] is DENIED.

    IT IS SO ORDERED this  22nd  day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE